J-S17014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: C.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : |
| | : |
| APPEAL OF: C.C., MINOR | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 56 EDA 2026 |

Appeal from the Dispositional Order Entered October 22, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0000729-2023

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MAY 15, 2026**

C.C. appeals from the dispositional order revoking his probation and remanding him to a state institution. C.C. argues the hearing officer did not have authority to revoke his probation and he was denied his right to confront and cross-examine his accusers. The Commonwealth concedes the errors and agrees to a new revocation hearing. After our independent review, we agree with the contentions in this appeal and therefore vacate the dispositional order and remand for a hearing consistent with this memorandum.

The trial court set forth the relevant factual and procedural history:

In the delinquency petition filed in the Philadelphia Court of Common Pleas on April 20, 2023, the Commonwealth alleged that: "On 11/14/22, at about 9:25 A.M., near 6300 Sylvester Street in Philadelphia, the Defendant knowingly, intentionally, or recklessly caused/attempted to cause bodily injury to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

complainant, A.S., by repeatedly kicking and punching her as well as dragged her thereby causing injury to her legs, back, stomach, chest, and shoulder requiring medical treatment." [The Commonwealth charged C.C. with simple assault, 18 Pa.C.S.A. § 2701(a)(1), and related charges.] …

\*\*\*

On August 15, 2023, the attorney for the Commonwealth made a motion to amend the juvenile petition to include the charges of robbery (F2), 18 Pa.C.S.A. § 3701([a])(1), theft by unlawful taking (M1), 18 Pa.C.S.A. § 39[21(a)], receiving stolen property (M1), 18 Pa.C.S.A § 3925([a]), and terroristic threats (M1), 18 Pa.C.S.A. § 2706([a])(1). …

\*\*\*

At the August 29, 2023 adjudicatory hearing, [C.C.] tendered an admission to the charges of simple assault, robbery, theft by unlawful taking, receiving stolen property, and terroristic threats. … The court deferred its determination as to whether [C.C.] was delinquent, placed him on interim probation, and ordered that [C.C.] be released to his mother on GPS with house restrictions. … A deferred adjudicatory hearing was scheduled for October 6, 2023.

On September 12, 2023, GPS Probation Officer Cynthia Hargrove filed a motion due to [C.C.'s] device indicating a strap tamper[a] on September 10, 2023 at 5:16 P.M. The case was scheduled to be heard on September 13, 2023 before Hearing Officer Caitlin Shuler (hereinafter HO Shuler). At the adjudicatory hearing on September 13, 2023, a bench warrant was … issued as [C.C.'s] whereabouts were unknown and he did not appear for the hearing. On March 15, 2024, a detention hearing took place before [Hearing Officer Timothy McCullough ("HO McCullough")], at which [C.C.'s] bench warrant was lifted. [C.C.] was ordered to remain held at the PJJSC…. A deferred adjudicatory hearing was scheduled for March 22, 2024 before Judge Fernandes.

> [a] [C.C.] cut the band of his GPS and was unable to be traced from then on.

On March 22, 2024, [C.C.] was adjudicated delinquent and placed on probation. [C.C.] was released to his father and ordered to pay

court costs, attend anger management, remain arrest free, receive and comply with all physical therapy appointments, follow the rules of his father's home, and attend 7.5 hours of PYAP weekly. A dispositional review hearing was scheduled for May 8, 2024.

On April 26, 2024, North District Probation Officer Adrianna Kostrycky filed a motion in which she reported that [C.C.] had not been staying at his father's house as ordered and he came and went as he pleased. Further, [C.C.] was noncompliant with services and missed his pickup and curfew calls. PO Kostrycky reported that [C.C.] had been set up for an appointment with JEVS for school on April 17, 2024 but had not gone to the appointment. [C.C.] also tested positive for marijuana on April 12, 2024. A hearing was scheduled for May 7, 2024 before Judge Fernandes.

On May 7, 2024, [C.C.] failed to appear, and a bench warrant was issued. Upon apprehension [C.C.] was ordered to be held and [a note] recommend[ing he be] committed to the state [was included on the order].

On October 22, 2025, a detention hearing took place before HO McCullough. [C.C.'s] bench warrant was lifted, his probation was revoked, he was committed to the state, and ordered to remain at the PJJSC pending transport. [At this hearing, C.C.'s counsel objected and argued that HO McCullough was not allowed to send C.C. to the state. C.C.'s counsel asserted HO McCullough did not have authority to send C.C. to state and that a hearing had to be held before C.C.'s probation could be revoked. HO McCullough overruled the objections.] A status of transfer hearing was scheduled for October 28, 2025 before Judge Fernandes.

On October 28, 2025, [C.C.] was transported from the PJJSC to Youth Forestry Camp #3 (hereinafter YFC3). [C.C.'s counsel argued the court should reconsider HO McCullough's order revoking probation and sending C.C. to state.] The court ordered the public defender to file a brief by [November 21, 2025] on why [C.C.'s] state commitment should be reconsidered. A status of transfer hearing was scheduled for December 2, 2025. On November 21, 2025, [C.C.] filed for reconsideration of placement [as ordered by the court].

On December 2, 2025, … [the court] ordered [C.C.] to remain at YFC3 and scheduled a review hearing for December 19, 2025. The court held [C.C.'s] motion for reconsideration under advisement.

[On December 5, 2025, the clerk of courts entered an order denying the motion for reconsideration by operation of law.]

On January 5, 2026, [C.C.] filed his notice of appeal and concise statement of errors complained of on appeal.[1]

Trial Court Opinion, 2/5/26, at 2-4 (unnecessary capitalization omitted).

C.C. raises three questions for our review:

A. Did the trial court err by revoking C.C.'s probation and placing him in a secure facility without holding a hearing in violation of the Due Process Clause of the Pennsylvania and United States Constitutions?

B. Did the trial court err by adopting the recommendation of the Juvenile Court Hearing Officer to revoke probation and place C.C. in a secure facility because the hearing officer did not conduct a revocation or disposition hearing as required by Pa.R.J.C.P. 612, Pa.R.J.C.P. 515, and 42 Pa.C.S.A. § 6352?

---

[1] It is clear after our review of the transcripts that C.C.'s counsel argued an oral post-dispositional motion during the hearing on October 22, 2025. However, this motion was not denied by operation of law, as required under Rule 620(D)(1), until December 5, 2025. **See** Pa.R.J.C.P. 620(D)(1) (requiring a post-dispositional motion be decided within 30 days, otherwise it is denied by operation of law). The court did not decide the motion within 30 days, which ended on November 21, 2025. As noted, the clerk of courts entered the order denying the motion by operation of law on December 5, 2025. This Court has held, in the criminal context, that a breakdown in court operations occurs when the clerk fails to timely enter an order denying a post-sentence motion by operation of law, thereby allowing this Court to consider the merits of an appeal if the notice of appeal was filed within 30 days of the untimely order. **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007). We therefore decline to quash this appeal, find that there was a breakdown in court operations, and the notice of appeal filed January 5, 2026, was timely filed.

C. Did the trial court err by adopting the recommendation of the Juvenile Court Hearing Officer to revoke probation and place C.C. in a secure facility because the hearing officer did not have the authority to conduct a contested probation revocation hearing or modification of disposition hearing under Pa.R.J.C.P. 187, and similarly, the Juvenile Court Judge did not have authority to adopt a void recommendation, rendering any placement order void an[d] unenforceable?

Appellant's Brief, at 2 (lower court answers omitted).

Because we find that the court violated C.C.'s due process rights to a hearing, we do not address C.C.'s remaining two claims.

"A question regarding whether a due process violation occurred is a question of law for which the standard of review is de novo and the scope of review is plenary." **Interest of K.G.-B.**, --- A.3d ---, 1592 EDA 2025, 1593 EDA 2025, 1594 EDA 2025, at *5 (Pa. Super. filed Feb. 27, 2026) (citation omitted).

In his first argument, C.C. argues his due process rights were violated for a number of reasons. Most notably, because no evidence at all was presented at the hearing on October 22, 2025, before (or after) his probation was revoked. **See** Appellant's Brief, at 11. The Commonwealth concedes that "no evidence was presented" and C.C.'s due process rights therefore were violated. Appellee's Brief, at 16.

Nearly 40 years ago, this Court found that "[a] juvenile has the same substantial interest in retaining his liberty as an adult." **In Interest of Davis**, 546 A.2d 1149, 1153 (Pa. Super. 1988) (*en banc*). "In view of the substantial liberty interests which exist in not having probation revoked on the basis of

unverified facts or erroneous information, we conclude that due process considerations entailing the right to confront and cross-examine an accuser must extend to probation revocation proceedings for a juvenile." ***Id.***

Rule 612 of the Juvenile Court Procedures provides when and how probation may be modified or revoked:

> **A. Filing.** A motion to modify or revoke probation shall be filed in accordance with Rule 345.
>
> **B. Time of Hearing on the Motion.**
>
>> (1) If the juvenile is detained, the hearing on the motion shall be held within ten days of the detention hearing.
>>
>> (2) If the juvenile is not detained, the hearing on the motion shall be held promptly.
>
> **C. Modification.** If the court modifies the dispositional order, the court shall state the grounds for the modification and shall issue a new dispositional order in accordance with Rule 515.
>
> **D. Advanced Communication Technology.** A court may utilize advanced communication technology pursuant to Rule 129 for a juvenile or a witness unless good cause is shown otherwise.
>
> **E. Post-Dispositional Rights.** A colloquy and inquiry of post-dispositional rights shall be conducted when a juvenile is aggrieved by a change in the dispositional order.

Pa.R.J.C.P. 612.

> The comments to Rule 612, as relevant here, provide:
>
> A juvenile should be afforded due process before probation can be revoked. A juvenile's probation cannot be revoked simply on the grounds of hearsay evidence.
>
> ***

… If a change in disposition results in an out-of-home placement, then the court should also explain to the juvenile the availability of review of the out-of-home placement pursuant to Pa.R.A.P. 1612.

Pa.R.J.C.P. 612 comments (citations omitted).

Finally, we emphasize

[t]he General Assembly has stated that to achieve the aims of the Juvenile Act, courts may separate the child from parents only when necessary for his welfare, safety or health or in the interests of public safety and must use the least restrictive intervention that is consistent with the protection of the community, the imposition of accountability for offenses committed and the rehabilitation, supervision and treatment needs of the child.

**K.G.-B.**, --- A.3d ---, at *7 (citation and quotation marks omitted).

Here, as the Commonwealth concedes, C.C. was not provided with any due process. He was not given an opportunity to present evidence, to confront and cross-examine his accusers, or to have any meaningful hearing at all.

At the hearing on October 22, 2025, C.C.'s counsel repeatedly requested a hearing be held to determine whether C.C. should be sent to a state facility. **See** N.T. Hearing, 10/22/25, at 4, 5. Without hearing any evidence, HO McCullough revoked C.C.'s probation and ordered he be removed from his parents and sent to a state facility. **See id.** at 6. The hearing officer did not state the grounds for the modification of the dispositional order. **See** Pa.R.J.C.P. 612(C). Furthermore, after probation was revoked and C.C. was ordered to be sent to a state facility, no one provided him with his post-dispositional rights or explained the availability of review pursuant to Pa.R.A.P.

1612. **See** Pa.R.J.C.P. 612, comments. This flagrant disregard of C.C.'s due process rights cannot stand.

Finally, although we acknowledge the seriousness of the charges against C.C., we are constrained to remind the lower court that hearing officers are not permitted to preside over contested probation hearings. **See** Pa.R.J.C.P. 187(A)(4). There is no evidence whatsoever in this record that the probation hearing here was uncontested. C.C. was never asked if he, or his counsel, wished to admit to the allegations in the revocation petition. C.C. further was not informed that he had the right to a hearing in front of a judge and not a hearing officer, as Rule 187(C) requires. **See** Pa.R.J.C.P. 187(C).

Based upon the violations of C.C.'s rights, we vacate the dispositional order entered on October 22, 2025, and remand for a new hearing on the Commonwealth's petition to revoke probation. Prior to this hearing, C.C. is entitled to notice of the hearing and evidence the Commonwealth intends to present regarding the alleged probation violations. At the hearing, CC has the right to hear from and confront his accuser(s), to cross-examine any Commonwealth witnesses, and to present evidence on his own behalf if he so chooses.

As noted above, because we find that the dispositional order must be vacated and remanded for a new probation revocation hearing, we do not address C.C.'s remaining claims.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2026